UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**JUSTIN GOLDMAN,**
Plaintiff, Pro Se

v.

**Bleacher Report, INC., and
Warner Bros. Discovery, INC.,**
Defendants.

Civil Action No. _____

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

(Jury Trial Demanded)

---

Plaintiff Justin Goldman ("Goldman" or "Plaintiff"), proceeding pro se, alleges as follows:

---

**NATURE OF THE ACTION**

1. This is an action under the Copyright Act, 17 U.S.C. §§ 101 et seq., arising from Defendants' unauthorized public display of Plaintiff's copyrighted photograph depicting Tom Brady in the Hamptons (the "Photograph").
2. Defendants previously infringed this same Photograph, were put on actual notice of Plaintiff's rights, and paid money to resolve claims concerning it.
3. Despite that prior litigation and knowledge, Defendants again caused the Photograph to be publicly displayed without authorization through the professional publishing activities of their employee.
4. This infringement was knowing, reckless, and willful.
5. Plaintiff seeks statutory damages, attorneys' fees, costs, and injunctive relief.

---

**JURISDICTION AND VENUE**

6. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).
7. Venue is proper under 28 U.S.C. § 1400(a) because Defendants transact business in this District and the infringing acts were directed into this District.

**THE PARTIES**

8. Plaintiff Justin Goldman is a professional photographer and the sole author and owner of the Photograph.
9. Defendant Bleacher Report, Inc. is a sports media publisher that creates, distributes, and promotes sports content through websites, applications, and social media.
10. Defendant Warner Bros. Discovery, Inc. is the parent company and controlling entity of Bleacher Report.
11. Warner Bros. Discovery exercises ownership, operational control, and financial supervision over Bleacher Report and benefits directly from Bleacher Report's content distribution and audience engagement.
12. Warner Bros. Discovery oversees legal, compliance, and publishing policies affecting Bleacher Report's content practices.
13. At all relevant times, Bleacher Report acted as an agent and/or instrumentality of Warner Bros. Discovery.
14. Accordingly, each Defendant is jointly and severally liable for the acts alleged herein.

**THE COPYRIGHTED WORK**

15. Plaintiff created the Photograph.
16. The Photograph is original and protected by copyright.
17. Plaintiff is the sole and exclusive copyright owner.
18. The Photograph is registered with the United States Copyright Office, Registration No. **VAu 001-250-526**.
19. Plaintiff has satisfied all statutory prerequisites to suit under 17 U.S.C. § 411(a).

**DEFENDANTS' PRIOR KNOWLEDGE**

20. Defendants previously used this same Photograph without authorization.
21. Plaintiff pursued claims against Bleacher Report concerning that use.
22. Defendants paid money to resolve those claims.
23. As a result, Defendants had actual knowledge that:

- Plaintiff owns the Photograph,
- it is protected by copyright, and
- unauthorized public display constitutes infringement.

24. Any subsequent infringement was therefore undertaken knowingly or recklessly.

**THE INFRINGING CONDUCT**

25. On information and belief, Garrin Marchetti was employed by Bleacher Report in a professional content/editorial role.
26. His duties included publishing and amplifying sports-related content to the public on social media.
27. While employed and acting within the scope of his employment, he reposted the following tweet:
    https://x.com/tvabby/status/749321704313393152
28. That repost caused Plaintiff's Photograph to render inline and be publicly displayed to viewers of the repost.
29. Rendering a copyrighted image inline to the public constitutes a "public display" under 17 U.S.C. § 106(5).
30. The public display occurred at the moment of repost.
31. Infringement is complete upon unauthorized public display.
32. Subsequent removal or non-rendering does not cure or negate liability.
33. Defendants never obtained permission or license from Plaintiff.

**DEFENDANTS' LIABILITY**

**Direct Liability**

34. Bleacher Report is directly liable because its employee committed the infringing act while performing duties within the scope of employment.

**Vicarious Liability**

35. Defendants had the right and ability to supervise and control the employee's publishing activities.
36. Defendants financially benefitted from increased engagement, traffic, and monetization of such content.
37. Defendants are therefore vicariously liable.

**Contributory Liability**

38. Defendants knowingly enabled, encouraged, and materially contributed to the infringing display through their publishing systems, employment relationship, and content-distribution infrastructure.
39. Defendants are contributorily liable.

**WILLFULNESS**

40. Defendants had prior notice and prior litigation concerning this exact Photograph.
41. Despite that knowledge, they permitted further display.
42. Defendants' conduct was knowing, reckless, and willful within the meaning of 17 U.S.C. § 504(c)(2).

**NOTICE AND CURE DOES NOT APPLY**

43. Any prior settlement provisions do not immunize new and independent acts of infringement occurring years later.
44. Copyright infringement is complete upon unauthorized display.
45. Private contractual provisions cannot erase liability for completed statutory violations.

**COUNT I**

**COPYRIGHT INFRINGEMENT**

(17 U.S.C. §§ 106 and 501)

46. Plaintiff realleges all prior paragraphs.
47. Defendants publicly displayed the Photograph without authorization.
48. Defendants violated Plaintiff's exclusive rights under 17 U.S.C. § 106.
49. Plaintiff has suffered damages.
50. Defendants' infringement was willful.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests:

A. Statutory damages up to $150,000 for willful infringement;
B. Attorneys' fees and costs pursuant to 17 U.S.C. § 505;
C. Injunctive relief;
D. Pre- and post-judgment interest;
E. Such other relief as the Court deems just.

**JURY DEMAND**

Plaintiff demands trial by jury.

---

Dated: February 3, 2026
New York, New York

**Justin Goldman**
Plaintiff, Pro Se